jar

# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF KANSAS

| | |
|---|---|
| **VERNA K. MYER,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**JO ANNE B. BARNHART, Commissioner of** )<br>**Social Security,** )<br>)<br>**Defendant.** )<br>) | Case No. 04-4077-JAR |

## MEMORANDUM & ORDER

Plaintiff has filed an application (Doc. 20) for an award of attorney fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412, in the total amount of $7,347.60, for 48.30 hours of attorney time at $152.00 per hour. The defendant does not oppose an award of EAJA fees, but maintains that the number of hours billed, 48.3 hours, is excessive under the circumstances of this case. Although the EAJA allows for reimbursement of attorney fees and other expenses, those items must be "reasonable," pursuant to 28 U.S.C. § 2412(d)(2)(A), and the Court has a duty to make an independent evaluation of the reasonableness of counsel's bill.[1] Indeed, the amount of the attorney's fee to be awarded is a decision that lies within the Court's discretion.[2]

---

[1] *See Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

[2] *See Pierce v. Underwood*, 487 U.S. 552, 571 (1988).

1

Noting that plaintiff's counsel is very experienced in the area of Social Security law, having represented a number of claimants before this Court, the defendant challenges the reasonableness of the time billed for several tasks. The defendant argues that it is unreasonable to bill 13.0 hours for preparation of an 18 page reply brief addressing the same 5 issues addressed in plaintiff's 22 page opening brief for which counsel billed only 10.0 hours. The defendant suggests that 5 hours to prepare the reply brief would be a reasonable number of hours. The defendant further argues that although this court does not impose a page limitation on briefs and memoranda, it is unreasonable to submit an 18 page reply brief when the opening brief was merely 22 pages. The defendant notes that under the Federal Rules of Appellate Procedure, the general rule is a 30 page limitation for opening briefs and a 15 page limitation for reply briefs, which defendant characterizes a "useful guideline as to the comparative length of principal and reply briefs, even when written by the same party."

The defendant further argues that it is unreasonable to bill 17.0 hours to prepare a 20 page statement of facts digesting a 27 page hearing transcript and a 197 page medical record. The defendant finally argues that the total hours billed, 48.30 is excessive, noting that several judges in the District of Kansas have found that, in "straightforward" disability cases, it is reasonable to claim the expenditure of 30 to 40 hours.[3] The defendant thus suggests that in this case, an award of 40.5 hours at $152.00 per hour, for a total of $6,156.00, would be reasonable reimbursement.

Plaintiff's counsel, Steven M. Tilton, is indeed very experienced in the representation of disability claimants before the Social Security Administration, and on appellate review by this Court and

---

[3]*See, e.g.*, *Nave v. Barnhart*, No. 03-2076-JWL, 2003 WL 22300178, at *2 (D. Kan. Oct. 7, 2003) (collecting cases).

the Tenth Circuit Court of Appeals. Since being admitted to the Bar of the State of Kansas in 1989, Mr. Tilton has handled approximately 1000 social security disability case, including over 100 cases filed in federal court. About 95 percent of Mr. Tilton's practice is devoted to such representation. He is also a frequent speaker on the subject of social security disability at various continuing legal education seminars.

With respect to the 17 hours spent reviewing the transcript and drafting the 20 page statement of facts, plaintiff's counsel notes that this represents a thorough briefing of the underlying facts, more assistive of a meaningful judicial review than an abbreviated statement of facts reliant on incorporation of the ALJ's decision. This Court agrees. Particularly where as here, the claimant challenges the ALJ's failure to consider evidence or the ALJ's selective consideration of evidence, a thorough briefing of the record is demonstrative. Indeed, Magistrate Judge Reid found that "the ALJ used only those parts of the medical opinions that were favorable to a nondisability finding."

And with respect to the comparative length of the reply and opening briefs, this Court also agrees with plaintiff's observation that defendant's suggested reduction to 5 hours is not justified or explained. Moreover, the defendant does not illustrate what constitutes a "straightforward" disability case, nor whether this case in fact meets the criteria of one. Social Security cases involve a wide variety of alleged disabilities, and varying quantities of medical records. Many involve common issues concerning the ALJ's determinations of pain, credibility, functional limitations and the like. But even with respect to these common issues, the number of alleged disabilities, and the extent of the record directly affect the scope of the judicial review and certainly the length of the claimant's briefs. Although it is fair to generalize that reply briefs are typically significantly shorter than opening briefs, there are

surely exceptions to this general situation.  In this case, plaintiff spent 17 hours on the statement of facts and 10 hours on the argument in her opening brief.  This total of 27 hours does not appear unreasonable, particularly when plaintiff was cataloguing and explaining the evidence the ALJ overlooked, ignored or mis-characterized.

All in all, plaintiff's total request for 48.30 hours is reasonable.  Further, plaintiff's request for an additional 2.25 hours in filing an opening brief and a reply brief in support of this application for EAJA fees is also reasonable.  For these reasons, the Court grants plaintiff's application for EAJA fees and supplemental request, for a total of 50.55 hours and $7,683.60.

**IT IS THEREFORE ORDERED THAT** plaintiff's Motion for Attorneys Fees Pursuant to the Equal Access to Justice Act (Doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED THAT** plaintiff is awarded attorney fees in the amount of **$7,683.60.**

**IT IS SO ORDERED**.

Dated this 3rd day of November 2005.

                                     S/ Julie A. Robinson  
                                     Julie A. Robinson  
                                     United States District Judge